UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES PETTUS,

                                                Plaintiff,          9:08-CV-0675 (LEK/GHL)

                v.

STEVES, C.O., *et al.*,

                                                Defendants.

APPEARANCES:

JAMES PETTUS
Plaintiff *pro se*

LAWRENCE E. KAHN, U.S. District Judge

## DECISION and ORDER

By Memorandum-Decision and Order filed July 24, 2008 ("July Order"), the Court found that Plaintiff James Pettus ("Plaintiff") was subject to the three strikes provision of 28 U.S.C. § 1915(g) and did not allege that he was exposed to imminent danger of serious physical injury at the time that he filed his Complaint. Dkt. No. 4. Accordingly, the Court denied Plaintiff's *in forma pauperis* application and directed him to pay the full filing fee of $350.00 if he wished to proceed with this action. Id. On August 1, 2008, Plaintiff appealed the July Order to the United States Court of Appeals for the Second Circuit. Dkt. No. 5. The Second Circuit dismissed the appeal because it lacked an arguable basis in law or fact. Dkt. No. 8. On March 23, 2009, Judgment was entered dismissing this action without prejudice because Plaintiff had not complied with the July Order. Dkt. No. 10. Plaintiff thereafter sought reconsideration of the July Order. Dkt. No. 11. By Decision and Order filed on May 14, 2009 the Court denied reconsideration. Dkt. No. 15.

Plaintiff has now submitted an application seeking "reinstatement" of his original Complaint, Dkt. No. 16, which the Court will construe as a Motion for relief from judgment.

Rule 60(b) of the Federal Rules of Civil Procedure sets forth the following six grounds upon which relief from judgment can be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "Rule 60 determinations are committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." Gonzalez v. Gannett Satellite Information Network, Inc., 903 F. Supp. 329, 331 (N.D.N.Y. 1995) (McAvoy, C.J.), aff'd, 101 F.3d 109 (2d Cir. 1996) (citation omitted).

Plaintiff claims that at the time he filed his original Complaint, he was in imminent danger of serious physical injury. Id. at 12-20. For example, he claims that he continues to suffer from Defendants' past actions of issuing and finding Plaintiff guilty of a false misbehavior report, because, as a result, he is still confined in the special housing unit causing him "to endure torture, torment, starvation, humiliation, denial of medication, no rec, no showers, exposure to sewage, excessive noise, defective plumbing, shield placement, exposure to severely mentally ill prisoners, deprivation of basic sanitation which caused Plaintiff 'imminent danger of harm and injury.'" Dkt. No. 16 at 13 (emphasis removed). These allegations do not amount to imminent danger. See, e.g., Pettus v. Mangano, No. 05-CV-1834, 2005 WL 1123761, at *2 (E.D.N.Y. May

9, 2005) (speculation that by being placed in a maximum security prison, plaintiff faces potential danger at the hands of other inmates is insufficient to satisfy the "imminent danger" requirement, since such a finding would "effectively create a blanket exception to the 'three strikes' rule for all inmates of maximum security prisons."). Plaintiff's claim that he "suffered indignities at the hands of C.O. Matthew Steve #25193 which caused (injury) and (harm), which affects Plaintiff" now (Dkt. No. 16 at 15) also does not bring Plaintiff within the imminent danger exception. See Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) (The "imminent danger" exception was not intended to allow plaintiffs to file actions concerning "harms that had already occurred.").

Based upon the foregoing, the Court finds that Plaintiff did not allege imminent danger of serious physical injury at the time he filed his Complaint. Moreover, this matter was properly dismissed due to Plaintiff's failure to timely comply with the Court's July Order directing that Plaintiff pay the entire filing fee.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to reopen this action (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:   July 10, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge